**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Civ. No. 25-174 KRS/SCY

LARRY N BROTEN, DECEASED, JOANN
BROTEN a/k/a JO ANN BROTEN,
DECEASED, and KEVIN BROTEN,

      Defendants.

## <u>ORDER TO SHOW CAUSE</u>

This matter is before the Court *sua sponte.* Plaintiff filed its complaint in federal court on February 20, 2025, and filed an amended complaint on July 9, 2025. Docs. 1, 11. The amended complaint was served on July 11, 2025. Doc. 13. The answer was therefore due on August 1, 2025. *Id.* Since that time, Plaintiff has taken no action in this case to prosecute its claims against the defendant who has not appeared. There has been no activity on the docket since the July 17, 2025 affidavit of service.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Additionally, under the Local Rules of this Court, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1. Based upon Plaintiff's lack of activity in this case, it will be required to show cause why this case should not be dismissed.

**IT IS THEREFORE ORDERED THAT** no later than January 15, 2026, Plaintiff shall file with this Court a response to this order showing cause why this case should not be dismissed. Plaintiff is also hereby notified that failure to respond to this Order may result in dismissal without further notice.

_____
UNITED STATES MAGISTRATE JUDGE