# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                           Civil No. 1:25-cv-000174-MIS-SCY

KEVIN BROTEN,

      Defendant.

## DEFAULT JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE

THIS MATTER coming before the Court, the United States appearing by and through its attorneys, Ryan Ellison, First Assistant United States Attorney for the District of New Mexico, and Grieta Gilchrist, Assistant United States Attorney, Defendant having failed to appear, the Clerk's Entry of Default having been entered on March 11, 2026, Doc. 33 , and the Court being fully advised in the premises, FINDS:

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      Service of process of the summons and Second Amended Complaint upon Kevin Broten was completed on February 13, 2026. Proof of Service, Doc. 29.

3.      No probate action has commenced for an estate of Larry N. Broten, Deceased, or Joann Broten, Deceased.

4.      The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact.  The Court concludes as a matter of law that the Plaintiff has standing and is entitled to the relief demanded in the Complaint.

5.      On or about November 26, 2012, Larry N. Broten and wife Joann Broten a/k/a Jo Ann Broten (hereinafter "Joann Broten") ("Borrowers") executed and delivered to American Advisors Group ("Lender"), its successors and assigns, a Fixed Rate Note Closed End (Home Equity Conversion) ("First Note") evidencing a debt, up to a maximum amount of four hundred two thousand and 00/100 dollars (U.S. $402,000.00), with fixed interest from the date of the Note at the original Note rate of 5.060% per year.  (Doc. 12-1).

6.      On or about November 26, 2012, Larry N. Broten and wife Joann Broten executed and delivered to the Secretary of Housing and Urban Development an Fixed Rate Second Note Closed End (Home Equity Conversion) ("Second Note"), evidencing a debt, up to a maximum amount of four hundred two thousand and 00/100 dollars (U.S. $402,000.00), with fixed interest from the date of the Note at the original Note rate of 5.060% per year. (Doc. 12-2).

7.      Simultaneously with the execution and delivery of the First Note, and in order to secure the payment of said First Note, Larry N. Broten and wife Joann Broten executed and delivered to Mortgage Electronic Registration Systems Inc. ("MERS") and American Advisors Group a Fixed Rate Home Equity Conversion Deed of Trust ("Mortgage") (Doc. 12-3). Said Mortgage was duly recorded on December 10, 2012, as ID 201216077, Records of County Clerk of San Juan County, New Mexico.

8.      Simultaneously with the execution and delivery of the Second Note, and in order to secure the payment of said Second Note, Larry N. Broten and wife Joann Broten executed and delivered to the Secretary of the Department of Housing and Urban Development a Fixed Rate Home Equity Conversion Second Deed of Trust ("Second Mortgage") (Doc. 12-4).  Said Mortgage was duly recorded on December 10, 2012, as ID 201216078, Records of County Clerk of San Juan County, New Mexico.

9.    The Mortgages are valid liens on the following-described real property ("Property") subject only to any outstanding ad valorem taxes and liens recorded pursuant to NMSA ' 3-36-1 et seq.:

> A tract of land located in the Northeast Quarter of the Southeast Quarter (NE1/4SE1/4) of Section Twenty (20), in Township Twenty-nine (29) North of Range Eleven (11) West, N.M.P.M., San Juan County, New Mexico, described as follows: Beginning at a point which is South 0°42'00" East 50.0 feet, thence South 86°33'00" West 303.45 feet, thence South 1°02'00" West 186.13 feet from the Northeast corner of said NE¼SE¼ of said Section 20, to the beginning point of the property herein described; Thence South 1°02'00" West 172.17 feet; Thence South 72°21'00" West 120.0 feet; Thence North 4°54'30" West 195.0 feet; Thence North 84°05'30" East 135.0 feet to the point of beginning.

10.    More commonly known as: Tax Parcel Number: 2065170037228; 2537 West Broadway Avenue, Bloomfield, NM, 87413.

11.    Mortgage Electronic Registration Systems, Inc., as Nominee for American Advisors Group, Its Successors and Assigns, conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing and Urban Development, an agency of the United States of America on or about November 26, 2012. Said Assignment of Mortgage was recorded in the Records the of County Clerk of San Juan County, New Mexico, on October 2, 2019, as Doc. 201909458. (Doc. 12-5).

12.    Upon information and belief Larry N. Broten died on April 30, 2017, and Joann Broten died on May 10, 2021.

13.    The only child and heir of Larry N. Broten and Joann Broten is Kevin Broten.

14.    The subject property is vacant.

15.    Under paragraph 9 of the Mortgage and paragraph 6 of the Note, default occurred on the date of death of Borrower Joann Broten, and the Real Property was no longer the principal residence of at least one surviving borrower.

3

16. The Mortgage provides that in the event of default of the Note, the Mortgage is subject to foreclosure as provided by law. The Note is in default, and the United States is entitled to have the Mortgage foreclosed. All conditions precedent to enforcement of the Note and foreclosure of the Mortgage have occurred.

17. After all just credits and offsets are applied on the Note, there remains owing $181,688.56 principal, plus additional interest on the principal balance in the amount of $157,037.77, plus MIP of $42,836,32, for a total amount of $381,562.65 due and owing as of July 23, 2024, plus interest accruing at the adjustable rate of 5.060% for a daily rate of $58.12 from July 23, 2024, to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus the amount of any advances, including ad valorem taxes, costs, expenses, and the United States District Court Clerk filing fee pursuant to 28 U.S.C. § 2412(a)(2).

18. Said amount is a first and prior lien, subject to any outstanding taxes, on the subject property.

19. The redemption period is one month.

**IT IS THEREFORE ORDERED, ADJUDGED** and **DECREED** as follows:

A. The United States of America is granted an *in rem* judgment for principal and accrued interest to July 23, 2024, of $181,688.56 principal, plus additional interest on the principal balance in the amount of $157,037.77, plus MIP of $42,836,32, for a total amount of $381,562.65 due and owing as of July 23, 2024, plus interest accruing at the adjustable rate of 5.060% for a daily rate of $58.12 from July 23, 2024, to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus the amount of any advances, including ad valorem taxes, costs, expenses, and the United States District Court Clerk filing fee pursuant to 28 U.S.C. ' 2412(a)(2).

B.     The United States has a first and prior lien on the Real Property subject to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*

C.     After due and proper notice setting forth the time and place for sale as provided by law, the United States Marshal is directed to offer the Real Property at public sale and is directed to sell the Real Property to the highest bidder subject to any outstanding taxes and/ or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*

D.     The Real Property shall be purchased for cash unless it is purchased by the United States.  If it is purchased by the United States, it may credit the amount of principal and interest due it against the purchase price.

E.     After sale, the United States Marshal shall report his actions to this Court, and upon the Court's confirmation of the report, the Marshal shall execute and deliver to the purchasers a good and sufficient deed to the Real Property.  Upon delivery of the deed by the Marshal, the purchaser or purchasers shall be allowed immediate possession of the property and shall hold the same free and clear of all right, title, and interest of the defendants and all persons claiming under them subsequent to the execution of the Note and Mortgage, subject to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*  Defendants or persons claiming under them subsequent to the execution of the Note and Mortgage are barred and estopped from having or claiming any right, title, or interest in and to the Real Property adverse to the purchaser or purchasers.

F.     The proceeds of the sale shall be applied as follows: (1) to payment of the United States Marshal's fees, any costs of this action and disbursements in accordance with the laws and rules of this court; (2) to the payment of the lien of the United States; (3) any remaining funds to

be paid to the Clerk of the Court to be disbursed on order of this Court as may be determined subsequently and as this Court shall at that time direct.

      G.     The redemption period shall be thirty days from the date of the sale.

**SO ORDERED** this 18th day of March 2026.

_____
**MARGARET I. STRICKLAND**
UNITED STATES DISTRICT JUDGE